UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CHARLES THOMPSON**                               **DOCKET NO. 6:25-cv-00649**
                                                                            **SECTION P**

**VERSUS**                                                       **JUDGE JAMES D. CAIN, JR.**

**FCI OAKDALE**                                         **MAGISTRATE JUDGE LEBLANC**

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Charles Thompson. At the time of filing, Petitioner was an inmate at the Federal Correctional Institute in Oakdale, Louisiana (FCIO).

Petitioner filed the instant action asserting that even though he had earned sufficient time credits and been found administratively eligible for prerelease custody, he remained unlawfully confined. Doc. 1-2, p. 1. He asked this Court to order his immediate transfer to prerelease custody to either a Residential Reentry Center or home confinement. *Id*. at p. 17. [1]

Thompson has since been released to a Residential Reentry Center. *See* Inmate Locator-BOP, available at https://www.bop.gov/inmateloc/ (last visited December 1, 2025).

Accordingly,

**IT IS RECOMMENDED** that the instant Petition for Writ of Habeas Corpus [Doc. 1] be **DENIED** and **DISMISSED** as it presents no case or controversy and, thus, this Court lacks jurisdiction.[2]

---

[1] The petition also asserts claims under the Administrative Procedures Act, 5 U.S.C. § 706, by which Petitioner seeks "declaratory relief . . . and injunctive relief . . . compelling the Bureau to effectuate the transfer" of Petitioner to prerelease custody. Doc. 1-2, p. 13. As the relief sought under the APA is the same as that sought by the writ of habeas corpus, the APA claims must suffer the same fate as the writ of habeas corpus.

[2] When, as here, "the court cannot grant the relief requested by the moving party," then the matter is moot. *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 1st day of December, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE

---

1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 F. App'x. 329, 331 (5th Cir. 2005) (citation omitted). Absent jurisdiction, we must dismiss.